IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ALYSSA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-00461-RBS-LRL |
| v. | ) |
| | ) |
| CHRISTINA MONTALVAN | ) |
| | ) |
| Defendant. | ) |

## CONSENT JUDGMENT

Plaintiff Alyssa Smith, filed a Complaint against Defendant on September 18, 2023, alleging violations of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"), and the Virginia Wage Theft Act, Va. Code § 40.1-29. ECF No. 1 at 1 (Complaint). On December 14, 2023, Defendant filed a *pro se* Response to the Complaint. ECF No. 9, which included Virginia state law counterclaims. On March 15, 2024, this Court entered an Order (ECF No. 13) that among other things: (a) construed Defendant's ECF No. 9, as a motion for leave to file an untimely response and granted that motion; (b) set aside the entry of default against Defendant; and (c) directed Plaintiff to file a response to Defendant's counterclaims against Plaintiff. Plaintiff filed answer to Defendant's counterclaims on March 25, 2024. ECF No. 14.

### I. STIPULATIONS

The parties stipulate to the following:

1. The Plaintiff worked for Defendant as a live-in Nanny.

2. Plaintiff's employment with Defendant terminated on January 27, 2023, and one of the factors in that termination was Plaintiff's potential upcoming unavailability should she complete

joining the military

3. Defendant withheld monies from Defendant's final paycheck for cleaning fees and loan repayment.

4. Defendant has denied and continues to deny Plaintiff's claims but wishes to resolve this matter because, if the case were to continue to be litigated, the Parties would engage in discovery, including depositions, that would come at great cost and inconvenience.

5. As a result of the termination of her employment, Plaintiff has incurred over $3,000 of damages.

6. Plaintiff's attorney has spent over 40 hours related to this matter.

7. At the rates proscribed by the "lodestar method," Plaintiff's counsel would entitled to a fee award of approximately $16,000.00. But Plaintiff's counsel has agreed to accept $1,170.00, as legal fees and costs in this matter because, had Plaintiff's counsel been paid at his full hourly rate for the time incurred, the amount of legal fees and costs would have exceeded the amounts set forth in the settlement by over ten thousand dollars. The decision was made by Plaintiff's counsel to resolve the matter and forgo the opportunity for more legal fees. This also allowed a savings to Defendant, which allowed her to marshal her assets to reach a resolution, rather than increase litigation costs for both sides.

8. Even if Defendant was able to prove her counterclaims, the damages for those counterclaims would not have materially offset the Plaintiff's damages and/or the Plaintiff's attorneys fees award.

### III. FINDINGS, REMEDIES, & RELIEF

WHEREAS, based on the pleadings and stipulated facts set forth above, the Parties have agreed to settle this matter and to terminate this action by entry of this Consent Final Judgment.

All Parties request entry of this Consent Judgment without a hearing or further court proceedings and agree to be fully bound by its terms.

Having considered the joint motion and reviewed the pleadings and finding that good cause has been shown for the proposed relief and that the Parties have consented to such relief, the Court reaches the following legal conclusions and enters the following Order and Judgment.

**NOW, THEREFORE**, upon consent of the parties hereto,

**IT IS ORDERED, ADJUDGED** and **DECREED**, that:

1. This Court has jurisdiction of the subject matter of all counts and counterclaims in this action and over the Parties hereto and has jurisdiction to enter this Consent Judgment.

2. All Parties shall be subject to the jurisdiction of this Court in connection with the enforcement of this Consent Judgment.

3. Because the Parties have agreed to settle this matter, the Court does not make a finding as to whether Defendant's actions were willful, as that term is defined under the applicable statutes.

4. The Court enters Judgment on behalf of the Plaintiff in the amount of $2,730.00

5. The Court awards Plaintiff's counsel $1,170.00, which amount is in addition to item 4.

6. Except as provided above, the Parties will bear their respective costs.

**IT IS SO ORDERED.**

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
Senior United States District Judge

April 12, 2024